# EXHIBIT D

### Counter-Statement of Columbia Pictures Industries, Inc.
### In Response to Notice of Termination by George Gallo Pursuant to 17 U.S.C. § 203

Columbia Pictures Industries, Inc. (together with its affiliates and related entities, "Columbia") hereby contests the Notice of Termination by George Gallo (the "Notice"), signed by Marc Toberoff as counsel for and on behalf of Mr. Gallo on June 26, 2020, regarding the story described in the Notice as "'Bulletproof Hearts' (f.k.a. 'Undercovers')'" (referenced hereafter as the "Story" or the "Work") "from which the 1995 motion picture Bad Boys" was derived."[1]

1. Name and address of party contesting the Notice: Columbia Pictures Industries, Inc. c/o Sony Pictures Entertainment Inc., 10202 West Washington Boulevard, Culver City, California 90232.

2. The work to which the Notice applies: the Story (as described above) purportedly "written by George Gallo and Bob Israel in or about the summer of 1985." As of the date of this Counter-Statement it appears that the Story has not been registered with the U.S Copyright Office. The Notice was recorded on 11/16/2020, Document Number V9976 D239 P1-4.

3. Grant of rights subject to the Notice: the purported "September 23, 1985 grant by George Gallo of his rights under copyright in the Work to Sweet Revenge Productions, Inc" ("Purported September 23, 1985 Grant").

4. Purported effective date of termination specified in the Notice: June 27, 2022.

5. Columbia contests the Notice on the following grounds:

   a. <u>Gallo's Contributions to the Story Were a Work-for-Hire Not Subject to Termination</u>: In a Memorandum of Agreement ("Agreement") between Paramount Pictures Corp. ("Paramount") and Gallo's Company, Sweet Revenge Productions ("Sweet Revenge"), dated as of September 24, 1985, both Sweet Revenge and Gallo specifically represented and warranted that Gallo's contributions to the Story were made as Sweet Revenge's employee and that Gallo's services constituted "a work made for hire pursuant to the United States Copyright Laws." These representations and warranties supported Sweet Revenge's assignment to Paramount in the Agreement of all right, title and interest in and to the Work and any materials relating thereto. (Co-author Bob Israel also was a party to the Agreement, in which he also granted all of his interest in the Work.) Columbia is successor-in-interest to all of Paramount's rights under the Agreement.

   While the Agreement was between Sweet Revenge (and Bob Israel), on the one hand, and Paramount, on the other hand (with Gallo signing on behalf of Sweet Revenge as its president), Gallo also personally signed a statement ("Statement") as part of the Agreement, representing and warranting that (a) Sweet Revenge was authorized to make all the representations and warranties set forth therein, (b) he agreed to be bound by the terms and conditions of the Agreement insofar as it refers to him, (c) that in the event of a breach or threatened breach, Paramount was entitled to seek legal and equitable relief by way of injunction or otherwise against him personally, and (d) he acknowledged that these representations, warranties and

---

[1] A copy of the Notice is attached as Exhibit A.

agreements were made by him as a material inducement and that Paramount would be relying thereon.

The grant from Sweet Revenge to Paramount could not be subject to termination under the Copyright Act because Section 203 expressly excludes works made for hire from the statute's reach. ("In the case of any work **other than a work made for hire,** the exclusive or nonexclusive grant of a transfer or license of copyright or any right under copyright, executed by the author on or after January 1, 1978, otherwise than by will, is subject to termination under the following conditions." 17 U.S.C. §203(a)) (emphasis added).

Prompted by the Notice of Termination, Columbia sent Mr. Toberoff several emails requesting that he provide to Columbia a copy of the Purported September 23, 1985 Grant. Columbia also asked Mr. Toberoff to provide a copy of the Story. (October 2, 2020 email from Cathy Paul, then VP, Intellectual Property, Sony Pictures Entertainment to mtoberoff@toberoffandassociates.com; October 23, 2020 email from Ms. Paul to Mr. Toberoff at the same email address; November 11, 2020 email from Ms. Paul to info@toberoffandassociates.com.) To date, Columbia has received no response and has no evidence that the Purported September 23, 1985 Grant exists or is otherwise valid.

b. The Notice Selects an Invalid Effective Termination Date. Further, even if the Purported September 23, 1985 Grant does exist and is somehow valid, notwithstanding the representations and warranties in the Agreement and Gallo's Statement, the Notice is deficient and ineffective for the separate reason that the effective date of termination provided in the Notice (June 27, 2022) does not comply with the mandates of 17 U.S.C §203(a)(3).

Under Section 203(a)(3), termination can only be effectuated during a prescribed five-year window: "Termination of the grant may be effected at any time during a period of five years beginning at the end of thirty-five years from the date of execution of the grant; or, *if the grant covers the right of publication of the work, the period begins at the end of thirty-five years from the date of publication of the work under the grant or at the end of 40 years from the date of execution of the grant, whichever term ends earlier.*" (Emphasis added).

Since the Purported September 23, 1985 Grant would have covered the right of publication of the work, **the correct period would be September 23, 2025 through September 22, 2030**. This is the earlier of the five-year period beginning (i) 35 years from publication of the Work via the publication of the feature film that allegedly embodies the Work ("Bad Boys") (April 7, 1995 publication date of the Picture + 35 = April 7, 2030) and (ii) 40 years from the date of execution of the purported grant (September 23, 1985 + 40 = September 23, 2025). If the feature film "Bad Boys" was <u>not</u> derived from the Work, this same 5-year period (September 23, 2025-September 22, 2030) would still be the correct 5-year termination window.

Therefore, the June 27, 2022 effective date of termination is ineffective because it is over three years prior to the earliest possible date under the statute.

c. <u>Reservation of Rights.</u> Finally, Columbia reserves the right to object to the statement in the Notice that the 1995 motion picture "Bad Boys" was "derived" from the Work. As stated above, Columbia has made three requests of Mr. Toberoff to provide Columbia with a copy of the Story but has received no response.

Accordingly, Columbia submits that the Notice is invalid and that service and filing of the Notice has no effect on Columbia's rights in and to the Work. The foregoing shall not be deemed an exhaustive statement of Columbia's positions, rights, remedies or defenses, at law or in equity, all of which are expressly reserved.

Dated: May 20, 2021

COLUMBIA PICTURES INDUSTRIES, INC.

Signed: _/s/ Cathy Paul_

By: Cathy Paul
Its: Senior Vice President, Intellectual Property

## NOTICE OF TERMINATION

## "BAD BOYS"

To: Sweet Revenge Productions, Inc.  
132 S. Rodeo Drive  
Beverly Hills, CA 90212  
Attn: Leslie Stevens

Columbia Pictures  
Sony Pictures Television  
Sony Pictures Entertainment Inc.  
10202 W. Washington Blvd  
Culver City, CA 90232  
Attn: Leah Weil, General Counsel

Jerry Bruckheimer Films  
Jerry Bruckheimer Television  
1631 Tenth Street  
Santa Monica, CA 90404  
Attn: Legal Department

Paramount Pictures Corporation  
5555 Melrose Avenue  
Los Angeles, CA 90038  
Attn: Legal Department

Hollywood Pictures Company  
The Walt Disney Company  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 203(a) of the United States Copyright Act (17 U.S.C. § 203(a)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, George Gallo, being the author entitled to terminate transfers pursuant to said statutory provisions, hereby terminates the grant of the transfer of rights under the copyright in and to the original story entitled "Bulletproof Hearts," from which the 1995 motion picture "Bad Boys" was derived, that was made in that certain agreement identified below, and he sets forth in connection therewith the following[1]:

1. The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Sweet Revenge Productions, Inc., 132 S. Rodeo Drive,

---

[1] Nothing contained in this notice shall be construed as an admission, waiver or limitation of any right or remedy of George Gallo at law or in equity, with respect to the subject matter hereof, all of which are hereby expressly reserved.

Beverly Hills, CA 90212; Paramount Pictures Corporation, 5555 Melrose Avenue, Los Angeles, CA 90038; Columbia Pictures, Sony Pictures Television and Sony Pictures Entertainment Inc., 10202 W. Washington Blvd., Culver City, CA 90232; Hollywood Pictures Company and The Walt Disney Company, 500 S. Buena Vista Street, Burbank, CA 91521; Jerry Bruckheimer Films and Jerry Bruckheimer Television, 1631 Tenth Street, Santa Monica, CA 90404. Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2. The work to which this Notice of Termination applies is the original story entitled "Bulletproof Hearts" (f.k.a. "Undercovers") (the "Work") written by George Gallo and Bob Israel in or about the Summer of 1985.[2]

3. This Notice of Termination applies to the September 23, 1985 grant by George Gallo of his rights under copyright in the Work to Sweet Revenge Productions, Inc. (including any exhibits, addendums or amendments thereto).[3]

4. The effective date of termination of the grant identified hereinabove shall be June 27, 2022.

5. George Gallo, as an author of the Work, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 203(a), as to the grant(s) identified hereinabove. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 203(a).

---

[2] This Notice of Termination applies as well to each and every element of such Work, including the characters therein, and to each and every prior draft or iteration of the Work.

[3] This Notice of Termination also applies to each and every grant or alleged grant of George Gallo's rights under copyright in and to the Work, including all elements, characters, and/or prior drafts/iterations thereof, that falls within the applicable Termination time window (as such window is defined by 17 U.S.C. § 203(a) and the effective date of this Notice). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant/transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination also applies to each and every such omitted grant/transfer.

Dated: June 26, 2020            TOBEROFF & ASSOCIATES, P.C.

_____
Marc Toberoff

23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 246-3333

As counsel for and on behalf of George Gallo

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as NOTICE OF TERMINATION to be served this 26th day of June, 2020, by First Class Mail, postage prepaid, upon each of the following:

Sweet Revenge Productions, Inc.
132 S. Rodeo Drive
Beverly Hills, CA 90212
Attn: Leslie Stevens

Columbia Pictures
Sony Pictures Television
Sony Pictures Entertainment Inc.
10202 W. Washington Blvd
Culver City, CA 90232
Attn: Leah Weil, General Counsel

Jerry Bruckheimer Films
Jerry Bruckheimer Television
1631 Tenth Street
Santa Monica, CA 90404
Attn: Legal Department

Paramount Pictures Corporation
5555 Melrose Avenue
Los Angeles, CA 90038
Attn: Legal Department

Hollywood Pictures Company
The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of June, 2020, at Malibu, California.

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for George Gallo

4

## Certificate of Service

I hereby certify that I caused a true copy of the foregoing document entitled **Counter-Statement of Columbia Pictures Industries, Inc. In Response to Notice of Termination by George Gallo Pursuant to 17 U.S.C. § 203** to be served this 20th day of May, 2021, by First Class Mail, postage prepaid, and by electronic mail, upon Marc Toberoff (counsel for George Gallo) at the following addresses:

Marc Toberoff
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

mtoberoff@toberoffandassociates.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of May, 2021 at Los Angeles, California.

_Cathy Paul_
Cathy Paul
Senior Vice President, Intellectual Property
Sony Pictures Entertainment Inc.
10202 West Washington Boulevard
Culver City, California 90232