# EXHIBIT E

### Counter-Statement of Columbia Pictures Industries, Inc. In Response to Notice of Termination by George Gallo and Bob Israel Pursuant to 17 U.S.C. § 203

Columbia Pictures Industries, Inc. (together with its affiliates and related entities, "Columbia") hereby contests the Notice of Termination by George Gallo and Bob Israel (the "Notice"), signed by Marc Toberoff as counsel for and on behalf of Mr. Gallo and Mr. Israel on June 26, 2020, regarding the story described in the Notice as "'Bulletproof Hearts' (f.k.a. 'Undercovers')" (referenced hereafter as the "Story" or the "Work") "from which the 1995 motion picture 'Bad Boys' was derived."[1]

1. Name and address of party contesting the Notice: Columbia Pictures Industries, Inc. c/o Sony Pictures Entertainment Inc., 10202 West Washington Boulevard, Culver City, California 90232.

2. The work to which the Notice applies: the Story (as described above) purportedly "written by George Gallo and Bob Israel in or about the summer of 1985." As of the date of this Statement it appears that the Story has not been registered with the U.S Copyright Office. The Notice was recorded on 11/16/2020, Document Number V9976 D307 P1-4.

3. Grant of rights purportedly subject to the Notice: The grant in the September 24, 1985 Memorandum of Agreement ("Agreement") by Bob Israel and Sweet Revenge Productions, Inc. ("Sweet Revenge"), of all rights under copyright in the Work to Paramount Pictures Corp. ("Paramount"), "which grant was also personally agreed to and signed by George Gallo."

4. Purported effective date of termination specified in the Notice: June 27, 2022

5. Columbia contests the Notice on the following grounds:

    a. <u>The Termination Notice is Invalid Because the Subject Grant Was Not and Cannot Be Terminated by a Majority of the Co-Authors Who Executed It</u>: The grant of rights in the Work is not subject to termination because termination of a grant by two or more authors of a joint work can only be effected by a majority of the authors who executed the grant. *See* 17 U.S.C. §203(a)(1). Here, because George Gallo's contribution to the Work was made as an employee of Sweet Revenge, it is <u>Sweet Revenge</u> and Bob Israel (not George Gallo and Bob Israel) that are co-authors of the joint Work and who executed the Agreement that contains the subject grant. As termination cannot be effectuated under section 203 with respect to a work made for hire, the subject grant cannot be terminated because the only party with a potential termination right – Bob Israel - does not constitute a majority of the authors who executed the grant. Indeed, he only constitutes 50% of the co-authors.

    The Copyright Act expressly excludes works-made-for-hire from Section 203's application: "In the case of any work **other than a work made for hire**, the exclusive or nonexclusive grant of a transfer or license of copyright or any right under copyright, executed by the author on or after January 1, 1978, otherwise than by will, is subject to termination under the following conditions." 17 U.S.C. §203(a) (emphasis added). In the Agreement, both Sweet Revenge and Gallo specifically represented and warranted that Gallo's contributions to the Story were made as Sweet Revenge's employee and that Gallo's services constituted "a work made for hire

---

[1] A copy of the Notice is attached as Exhibit A.

pursuant to the United States Copyright Laws." These representations and warranties supported Sweet Revenge's assignment to Paramount in the Agreement of all right, title and interest in and to the Work and any materials relating thereto. Co-author Bob Israel, also a party to the Agreement, joined in this grant of all rights in the Work. Columbia is successor-in-interest to all of Paramount's rights under the Agreement.

While the Agreement was between Sweet Revenge and Bob Israel, on the one hand, and Paramount, on the other hand (with Gallo signing on behalf of Sweet Revenge as its president), Gallo also personally signed a statement as part of the Agreement, representing and warranting that (i) Sweet Revenge was authorized to make all the representations and warranties set forth therein, (ii) he agreed to be bound by the terms and conditions of the Agreement insofar as it refers to him, (iii) that in the event of a breach or threatened breach, Paramount was entitled to seek legal and equitable relief by way of injunction or otherwise against him personally, and (iv) he acknowledged that these representations, warranties and agreements were made by him as a material inducement and that Paramount would be relying thereon.

Thus, the grant of rights in the Work is not eligible for termination under section 203 of the Copyright Act because (i) Sweet Revenge cannot terminate the grant as it is author of a work made for hire, (ii) any grant from Gallo in the Agreement is not effective as he was not an author and did not own any rights, and (iii) Israel alone does not constitute a majority of the joint authors (Israel and Sweet Revenge) that executed the grant.

a. <u>The Notice Selects an Invalid Effective Termination Date.</u>  Further, even if the subject grant were eligible for termination, the Notice is deficient and ineffective for the separate reason that the effective date of termination provided in the Notice (June 27, 2022) does not comply with the mandates of 17 U.S.C §203(a)(3).

   Under Section 203(a)(3), termination can only be effectuated during a prescribed five-year window: "Termination of the grant may be effected at any time during a period of five years beginning at the end of thirty-five years from the date of execution of the grant; or, *if the grant covers the right of publication of the work, the period begins at the end of thirty-five years from the date of publication of the work under the grant or at the end of 40 years from the date of execution of the grant, whichever term ends earlier.*" (Emphasis added).

   Since the Agreement covers the right of publication of the work, **the correct period would be September 24, 2025 through September 23, 2030**. This is the earlier of the five-year period beginning (i) 35 years from publication of the Work via the publication of the feature film that allegedly embodies the Work ("Bad Boys")  (April 7, 1995 publication date of the motion picture "Bad Boys" + 35 = April 7, 2030) and (ii)  40 years from the date of execution of the purported grant (September 24, 1985 + 40 = September 24, 2025).  If the feature film "Bad Boys" was <u>not</u> derived from the Work, this same 5-year period (September 24, 2025-September 23, 2030) would still be the correct 5-year termination window.

   Therefore, the June 27, 2022 effective date of termination is ineffective because it is over three years prior to the earliest possible date under the statute.

b. <u>Reservation of Rights.</u> Finally, Columbia reserves the right to object to the statement in the Notice that the 1995 motion picture "Bad Boys" was "derived" from the Work. Columbia has made three email requests of Mr. Toberoff to provide Columbia with a copy of the Story but has received no response.

Accordingly, Columbia submits that the Notice is invalid and that service and filing of the Notice has no effect on Columbia's rights in and to the Work. The foregoing shall not be deemed an exhaustive statement of Columbia's positions, rights, remedies or defenses, at law or in equity, all of which are expressly reserved.

Dated: May 20, 2021

COLUMBIA PICTURES INDUSTRIES, INC.

Signed: *Cathy Paul*

By: Cathy Paul
Its: Senior Vice President, Intellectual Property

## NOTICE OF TERMINATION

## "BAD BOYS"

To: Paramount Pictures Corporation
5555 Melrose Avenue
Los Angeles, CA 90038
Attn: Legal Department

Columbia Pictures
Sony Pictures Television
Sony Pictures Entertainment Inc.
10202 W. Washington Blvd
Culver City, CA 90232
Attn: Leah Weil, General Counsel

Hollywood Pictures Company
The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Legal Department

Jerry Bruckheimer Films
Jerry Bruckheimer Television
1631 Tenth Street
Santa Monica, CA 90404
Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 203(a) of the United States Copyright Act (17 U.S.C. § 203(a)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, George Gallo and Bob Israel, being the authors entitled to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of rights under the copyright in and to their original story entitled "Bulletproof Hearts," from which the 1995 motion picture "Bad Boys" was derived, that was made in that certain agreement identified below, and they set forth in connection therewith the following[1]:

1. The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Paramount Pictures Corporation, 5555 Melrose Avenue, Los Angeles, CA 90038; Columbia Pictures, Sony Pictures Television and Sony Pictures Entertainment Inc., 10202 W. Washington Blvd., Culver City, CA 90232; Hollywood Pictures Company and The Walt Disney Company, 500 S. Buena Vista Street, Burbank, CA 91521; Jerry

---

[1] Nothing contained in this notice shall be construed as an admission, waiver or limitation of any right or remedy of George Gallo and/or Bob Israel at law or in equity, with respect to the subject matter hereof, all of which are hereby expressly reserved.

Bruckheimer Films and Jerry Bruckheimer Television, 1631 Tenth Street, Santa Monica, CA 90404. Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2. The work to which this Notice of Termination applies is the original story entitled "Bulletproof Hearts" (f.k.a. "Undercovers") (the "Work") written by George Gallo and Bob Israel, in or about the Summer of 1985.[2]

3. This Notice of Termination applies to the grant of all rights under copyright in the Work in the agreement, dated as of September 24, 1985, between Sweet Revenge Productions, Inc. and Bob Israel, on the one hand, and Paramount Pictures Corporation, on the other (including any exhibits, addendums or amendments thereto), which grant was also personally agreed to and signed by George Gallo.[3]

4. The effective date of termination of the grant(s) identified hereinabove shall be June 27, 2022.

5. George Gallo and Bob Israel, as the authors of the Work, are entitled to exercise their termination rights pursuant to 17 U.S.C. § 203(a), as to the grant(s) identified hereinabove. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 203(a).

---

[2] This Notice of Termination applies as well to each and every element of such Work, including the characters therein, and to each and every prior draft or iteration of the Work.

[3] This Notice of Termination also applies to each and every grant or alleged grant of George Gallo and Bob Israel's rights under copyright in and to the Work, including all elements, characters, and/or prior drafts/iterations thereof, that falls within the applicable Termination time window (as such window is defined by 17 U.S.C. § 203(a) and the effective date of this Notice). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant/transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination also applies to each and every such omitted grant/transfer.

2

Dated: June 26, 2020

TOBEROFF & ASSOCIATES, P.C.

Marc Toberoff

23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 246-3333

As counsel for and on behalf of George Gallo and Bob Israel.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as NOTICE OF TERMINATION to be served this 26th day of June, 2020, by First Class Mail, postage prepaid, upon each of the following:

Paramount Pictures Corporation
5555 Melrose Avenue
Los Angeles, CA 90038
Attn: Legal Department

Columbia Pictures
Sony Pictures Television
Sony Pictures Entertainment Inc.
10202 W. Washington Blvd
Culver City, CA 90232
Attn: Leah Weil, General Counsel

Hollywood Pictures Company
The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Legal Department

Jerry Bruckheimer Films
Jerry Bruckheimer Television
1631 Tenth Street
Santa Monica, CA 90404
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of June, 2020, at Malibu, California.

*/s/ Marc Toberoff*

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for George Gallo and Bob Israel

4

## Certificate of Service

I hereby certify that I caused a true copy of the foregoing document entitled **Counter-Statement of Columbia Pictures Industries, Inc. In Response to Notice of Termination by George Gallo and Bob Israel Pursuant to 17 U.S.C. § 203** to be served this 20th day of May, 2021, by First Class Mail, postage prepaid, and by electronic mail, upon Marc Toberoff (as counsel for George Gallo and Bob Israel) at the following address:

Marc Toberoff
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265
mtoberoff@toberoffandassociates.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of May, 2021 at Los Angeles, California.

Cathy Paul
Senior Vice President, Intellectual Property
Sony Pictures Entertainment Inc.
10202 West Washington Boulevard
Culver City, California 90232