Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants George Gallo,
Sweet Revenge Productions, Inc., and
Robert Israel*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., and DOES 1-10,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE GALLO; SWEET REVENGE PRODUCTIONS, INC.; and ROBERT "BOB" ISRAEL,<br><br>Defendants. | Case No. 2:23-cv-05010-AB-MAA<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

# ANSWER

Through its undersigned attorneys, Defendants George Gallo ("Gallo"), Sweet Revenge Productions, Inc. ("Sweet Revenge"), and Robert Israel ("Israel") (collectively, "Defendants") answer in response to the above-captioned complaint as follows:

## INTRODUCTION

1. Defendants admit that Gallo co-wrote the original story "Bulletproof Hearts" (the "Story"). Defendants further admit that Sweet Revenge was an entity owned by Gallo, and that Plaintiff selectively quotes from the 1985 agreement between Gallo and Sweet Revenge on the one hand, and Paramount Pictures Corporation on the other (the "Agreement"), and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 1 and/or allege that such allegations contain conclusions of law to which no answer is required.

2. Defendants allege that the allegations of paragraph 2 contain conclusions of law to which no answer is required and otherwise deny knowledge or information sufficient to form a belief as to the truth of such allegations.

3. Defendants admit that Gallo and Israel served Columbia Pictures ("Columbia") among other entities with a Notice of Termination under the Copyright Act, 17 U.S.C. § 203(a), regarding the Story but deny the remaining allegations of paragraph 3 and refer the Court to the Notice of Termination for its full contents.

4. Defendants deny the allegations of paragraph 4 and/or allege that such allegations contain conclusions of law to which no answer is required.

5. Defendants deny the allegations of paragraph 5 and/or allege that such allegations contain conclusions of law to which no answer is required.

## JURISDICTION AND VENUE

6. Defendants allege that paragraph 6 contains conclusions of law to

which no answer is required.

7. Defendants allege that paragraph 7 contains conclusions of law to which no answer is required.

8. Defendants allege that paragraph 8 contains conclusions of law to which no answer is required.

## THE PARTIES

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

## GENERAL ALLEGATIONS

13. Defendants admit that the Story was written in or about the Summer of 1985 and that paragraph 13 correctly cites to Defendants' Notices of Termination and refer the Court to the Notices of Termination for their full contents.

14. Defendants deny knowledge or information sufficient to form a belief as to whether Paramount Pictures is Columbia Pictures' predecessor-in-interest. Defendants deny the remaining allegations of paragraph 14 and/or allege that such allegations contain conclusions of law to which no answer is required and refer the Court to the Agreement for its full contents.

15. Defendants admit that paragraph 15 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents.

16. Defendants admit that paragraph 16 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents.

17. Defendants admit that Gallo signed the Agreement but otherwise deny the allegations in paragraph 17 and refer the Court to the Agreement for its full contents.

18. Defendants admit that Israel signed the Agreement but otherwise deny the allegations in paragraph 18 and/or allege that such allegations contain conclusions of law to which no answer is required, and refer the Court to the Agreement for its full contents.

19. Defendants admit that paragraph 19 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 19 and/or deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20. Defendants admit that Sweet Revenge is Gallo's entity. Defendants allege that the remaining allegations of paragraph 20 contain conclusions of law to which no answer is required and otherwise deny knowledge or information sufficient to form a belief as to the truth of such allegations.

21. Defendants admit that Sweet Revenge was formed before the Story was created and that Sweet Revenge's Articles of Incorporation were filed with the California Secretary of State's Office on May 14, 1984 before the Agreement was entered into. Defendants deny the remaining allegations of paragraph 21 and/or allege that such allegations contain conclusions of law to which no answer is required and otherwise refer the Court to the Agreement for its full contents.

22. Defendants allege that paragraph 22 contains conclusions of law to which no answer is required.

23. Defendants admit that paragraph 23 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents.

24. Defendants admit that paragraph 24 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 24 and/or allege that such allegations contain conclusions of law to which no answer is required.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and/or allege that such

allegations contain conclusions of law to which no answer is required.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and/or allege that such allegations contain conclusions of law to which no answer is required.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and/or allege that such allegations contain conclusions of law to which no answer is required.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Defendants admit that Gallo and Israel served on Columbia Pictures and others statutory Notices of Termination ("Notices") under the Copyright Act and duly filed such Notices with the Copyright Office, and that paragraph 32 selectively quotes from the Notices, and Defendants refer the Court to the Notices for their full contents. Defendants deny the remaining allegations of paragraph 32 and/or allege that such allegations contain conclusions of law to which no answer is required.

33. Defendants deny the allegations of paragraph 33 and/or allege that the allegations of paragraph 33 contain conclusions of law to which no answer is required.

34. Defendants deny the allegations of paragraph 34 and/or allege that the allegations of paragraph 34 contain conclusions of law to which no answer is required.

35. Defendants admit that paragraph 35 selectively quotes from the Notice and refer the Court to the Notice for its full contents. Defendants deny the remaining allegations of paragraph 35.

36. Defendants admit that paragraph 36 selectively quotes from the Notice, and refer the Court to the Notice for its full contents. Defendants deny the remaining allegations of paragraph 36 and/or allege that such allegations contain conclusions of law to which no answer is required.

37. Defendants admit that Columbia Pictures served a Counter-Statement on Gallo's counsel but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38 and/or allege that such allegations contain conclusions of law to which no answer is required and refer the Court to the Counter-Statement for its full contents.

39. Defendants admit that paragraph 39 selectively quotes from the Notice and refer the Court to the Notice for its full contents. Defendants deny the remaining allegations of paragraph 39.

40. Defendants admit that paragraph 40 selectively quotes from the Notice and refer the Court to the Notice for its full contents.

41. Defendants admit that Columbia Pictures served a Counter-Statement on Gallo's and Israel's counsel but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42 and/or allege that such allegations contain conclusions of law to which no answer is required and otherwise refer the Court to the Counter-Statement for its full contents.

43. Defendants admit that the Notice of Termination correctly states that Gallo was a co-author of the Story. Defendants deny the remaining allegations of paragraph 43 and/or allege that such allegations contain conclusions of law to

which no answer is required.

44. Defendants deny the allegations of paragraph 44 and/or allege that such allegations contain conclusions of law to which no answer is required.

45. Defendants deny the allegations of paragraph 45 and/or allege that such allegations contain conclusions of law to which no answer is required.

46. Defendants deny the allegations of paragraph 46.

47. Defendants admit that on December 1, 2022, Gallo's counsel provided Columbia Pictures with a copy of Gallo's September 23, 1985 Assignment to Sweet Revenge of Gallo's rights in the Story he had co-authored. Defendants otherwise deny the allegations of paragraph 47 and/or allege that such allegations contain conclusions of law to which no answer is required.

48. Defendants deny the allegations of paragraph 48 and/or deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and/or allege that such allegations contain conclusions of law to which no answer is required.

49. Defendants allege that paragraph 49 contains conclusions of law to which no answer is required.

50. Defendants allege that paragraph 50 contains conclusions of law to which no answer is required.

51. Defendants deny the allegations of paragraph 51 and/or deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and/or allege that such allegations contain conclusions of law to which no answer is required.

52. Defendants deny the allegations of paragraph 52.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief as to Validity of Notices

53. Defendants re-allege and incorporate by reference paragraphs 1-52 inclusive of their Answer, as though fully set forth herein.

54. Defendants admit the allegations of paragraph 54, but deny as to Plaintiff's use of the word "purporting."

55. Defendants deny the allegations of paragraph 55 and/or allege that such allegations contain conclusions of law to which no answer is required.

56. Defendants deny the allegations of paragraph 56 and/or allege that such allegations contain conclusions of law to which no answer is required.

57. Defendants allege that paragraph 57 contains conclusions of law to which no answer is required.

58. Defendants deny the allegations of paragraph 58 and/or allege that such allegations contain conclusions of law to which no answer is required.

59. Defendants deny the allegations of paragraph 59 and/or allege that such allegations contain conclusions of law to which no answer is required.

60. Defendants deny the allegations of paragraph 60 and/or allege that such allegations contain conclusions of law to which no answer is required.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. Defendants allege that paragraph 62 contains conclusions of law to which no answer is required.

63. Defendants allege that paragraph 63 contains conclusions of law to which no answer is required.

64. Defendants allege that paragraph 64 contains conclusions of law to which no answer is required.

65. Defendants deny the allegations of paragraph 64 and/or allege that such allegations contain conclusions of law to which no answer is required.

## SECOND CLAIM FOR RELIEF

**Declaratory Relief as to Equitable Estoppel Defense**

66. Defendants re-allege and incorporate by reference paragraphs 1-65 inclusive of their Answer, as though fully set forth herein.

67. Defendants allege that paragraph 67 contains conclusions of law to which no answer is required.

68. Defendants admit that paragraph 68 selectively quotes from the Agreement, and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 68 and/or allege that such allegations contain conclusions of law to which no answer is required.

69. Defendants deny the allegations of paragraph 69 and/or allege that such allegations contain conclusions of law to which no answer is required.

70. Defendants admit that paragraph 70 selectively quotes from the Agreement and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 70 and/or allege that such allegations contain conclusions of law to which no answer is required.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and/or allege that such allegations contain conclusions of law to which no answer is required.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and/or allege that such allegations contain conclusions of law to which no answer is required.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Defendants allege that paragraph 74 contains conclusions of law to which no answer is required.

75. Defendants allege that paragraph 75 contains conclusions of law to which no answer is required.

76. Defendants allege that paragraph 76 contains conclusions of law to which no answer is required.

77. Defendants deny the allegations of paragraph 77 and/or allege that such allegations contain conclusions of law to which no answer is required.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

78. Defendants re-allege and incorporate by reference paragraphs 1-77 inclusive of their Answer, as though fully set forth herein.

79. Defendants admit the allegations in paragraph 79 insofar as on or about September 24, 1985, Gallo, Sweet Revenge and Israel entered into the Agreement with Paramount Pictures.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and/or allege that such allegations contain conclusions of law to which no answer is required.

81. Defendants deny the allegations of paragraph 81 and/or deny knowledge or information sufficient to form a belief as to the truth of such allegations.

82. Defendants admit that paragraph 82 selectively quotes the Agreement and refers the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 82.

83. Defendants admit that paragraph 83 selectively quotes the Agreement and refer the Court to the Agreement for its full contents. Defendants deny the remaining allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84 and/or allege that such allegations contain conclusions of law to which no answer is required.

85. Defendants deny the allegations of paragraph 85 and/or allege that such allegations contain conclusions of law to which no answer is required.

86. Defendants deny the allegations of paragraph 86 and/or deny knowledge or information sufficient to form a belief as to the truth of such allegations and/or allege that such allegations contain conclusions of law to which no answer is required.

/ / /

**PRAYER FOR RELIEF**

Defendants deny the Prayer for Relief contained in the wherefore clause and accompanying paragraphs (1)-(4) and deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever.

\* \* \*

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, by the First Amendment.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The Complaint and each purported claim therein is barred, in whole or in part, because Plaintiff lacks standing to pursue its claims.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Full Performance)**

The Complaint and each purported claim therein is barred, in whole or in part, because as to any alleged contract between the parties or their respective predecessors-in-interest, Defendants have fully performed all of the conditions, covenants and promises on their part to be performed under the purported

contracts, except those which have been excused or prevented by the conduct and actions of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Acquiescence/Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

Plaintiff's claims are barred, in whole or in part, by reason of the failure of consideration with respect to all or part of the contract at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose.

## NINTH AFFIRMATIVE DEFENSE
### (Superseding Intervening Cause)

The Complaint and each purported claim therein is barred, in whole or in part, because any alleged damages suffered by Plaintiff were a direct and proximate result of a superseding intervening cause on the part of third parties and/or Plaintiff itself, such that the intervening superseding cause bars any recovery by Plaintiff against these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Claim Preclusion)

Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata* or claim preclusion.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Issue Preclusion)

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel or issue preclusion.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Duress)

Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of judicial estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Illegality)

The Complaint and each purported claim therein is barred, in whole or in part, to the extent of any illegality of any matters set forth in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Misrepresentation)

The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the misrepresentations of Plaintiff's and/or their predecessors-in-interest.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Against Public Policy)

The Complaint and each purported claim therein is barred, in whole or in part, because any alleged contract between the parties or their respective predecessors-in-interest which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should not be granted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

The Complaint and each purported claim therein is barred, in whole or in

part, because Plaintiff has acted in bad faith for improper purposes with respect to the subject matter of the claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Preemption)**

The Complaint and each purported state-law claim therein is barred, in whole or in part, because they are preempted by federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

The Complaint and each purported claim therein is barred, in whole or in part, because of Plaintiff's failure to take reasonable steps to mitigate their alleged losses.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Unknown Defenses)**

Defendants believe, and based upon such information and belief allege that the Defendants may have additional affirmative defenses available to them, which are not now fully known and which these answering Defendants are not fully aware. The Complaint and each purported claim therein fail to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses. Defendants accordingly reserve their rights to amend or supplement this answer with additional defenses.

FOR THESE REASONS, Defendants pray that the Court dismiss all of Plaintiff's claims and find for Defendants on all counts, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act and California Code of Civil Procedure Section 425.16, and pray for such other and further relief as this Court deems just and proper.

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury for all issues triable to a jury.

DATED: May 1, 2024          Respectfully submitted,

TOBEROFF & ASSOCIATES, P.C.

By: /s/ Marc Toberoff
        Marc Toberoff

*Attorneys for Defendants*